IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BAHRAM NEJATI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:06-CV-1027-M |
| | § | |
| TRANSCONTINENTAL INSURANCE | § | |
| COMPANY and ROYAL INDEMNITY | § | |
| COMPANY, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are (1) Transcontinental Insurance Company's Motion for Summary Judgment, (2) Plaintiff's Cross-Motion for Summary Judgment, and (3) Plaintiff's Motion for Summary Judgment Against Royal Indemnity Company. Because the Court finds that Tarsem Lal Singal was not an insured under the insurance policy at issue, the Court **GRANTS** Transcontinental Insurance Company's Motion and **DENIES** Plaintiff's Cross-Motion. The Court intends to grant summary judgment, *sua sponte*, in Royal Indemnity Company's favor against Plaintiff's claim, subject only to review of any new arguments Plaintiff submits to the Court in a brief of no longer than **five pages**, due on **June 8, 2007**.

**BACKGROUND**

Transcontinental Insurance Company ("Transcontinental") issued a business automobile liability policy to Telecom Global Solutions, Inc. ("Telecom") for the period between May 31, 2001 and May 31, 2002. Royal Indemnity Company ("Royal") issued a similar policy to Flextronics Network Services Texas, Inc. ("Flextronics") for the period between July 1, 2001 and

July 1, 2002.  After both policies were in effect, Telecom acquired Flextronics.  This Order refers to the company formed by the acquisition as "Telecom/Flextronics."

Tarsem Lal Singal and Chanderbhan Gupta, originally employed by Telecom, were employees of Telecom/Flextronics on September 19, 2001, the date of the accident at issue.  On that date, while Singal was driving himself and Gupta home from work in an automobile rented from AOBG, Inc. ("AOBG"), Singal's vehicle collided with that of Bahram Nejati.  In June 2003, Nejati filed suit against Singal, AOBG, and Telecom/Flextronics, among others.[1]  In relevant part, the suit alleged that Nejati sustained injuries on account of Singal's negligence.  On May 13, 2005, the state court entered a final default judgment of $1,436,634.77 with pre- and post-judgment interest against Singal, and on December 15, 2005, Nejati filed suit in state court against Telecom/Flextronics' liability insurers, seeking payment of the default judgment through indemnification.  With Transcontinental's consent, Royal removed the suit to this Court on June 9, 2006.  In the live petition, Nejati claims that Singal was an insured under Transcontinental's and Royal's policies at the time of the incident—despite conceding that Singal was not operating the vehicle at the time of the incident in the course and scope of employment—because he *rented* the vehicle in the course and scope of his employment with Telecom/Flextronics and was a permissive user.  Nejati aims to fit Singal within the policies' definition of an insured, which includes "[a]nyone else while using with [Telecom/Flextronics'] permission a covered auto [Telecom/Flextronics] own[s], hire[s], or borrow[s]."[2]

---

[1] Nejati filed suit in the 193rd Judicial District Court of Dallas County.  The suit was styled *Bahram Nejati v. Tarsem Lal Singal, AOBG, Inc., Reynolds and Fowler, LLC, d/b/a AOBG Ryan Auto, and Flextronics Network Services Texas, Inc. f/k/a Telecom Global Solutions, Inc.*, No. 03-6375-L.

[2] Both policies at issue define additional insured in this manner.

## STANDARD OF REVIEW

Summary judgment is warranted when the facts as reflected in the pleadings, affidavits, and other summary judgment evidence show that no reasonable trier of fact could find for the nonmoving party as to any material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). "The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins.*, 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 322–25). Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).

The nonmovant is then required to go beyond the pleadings and designate specific facts proving that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). That party may not rest on conclusory allegations or denials in its pleadings that are unsupported by specific facts. FED. R. CIV. P. 56(e). The court must review all evidence in the record, giving credence to evidence favoring the nonmovant as well as "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses," and disregarding evidence favorable to the movant that the jury would not be required to believe. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 152 (2000). Further, "the court must draw all justifiable inferences in favor

of the nonmovant." *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 338 (5th Cir. 2005) (citing *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993)).

In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists." *Lynch*, 140 F.3d at 625.  "If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir. 1991).  However, in the absence of proof, a court will not conclude that the nonmoving party could prove the required facts. *Lynch*, 140 F.3d at 625.  Further, the party opposing summary judgment must do more than simply show some "metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.

## TRANSCONTINENTAL'S MOTION FOR SUMMARY JUDGMENT

Transcontinental moves the Court for summary judgment against Nejati's claim for indemnification, arguing that Singal was not an insured under the relevant policy language and that it was prejudiced by Singal's and Telecom/Flextronics' alleged failure to comply with the insurance policy's prompt-notice provision.  The Court addresses only Transcontinental's primary claim, finding it to be dispositive.

Transcontinental claims that it owes Nejati no indemnification for the damage Nejati sustained in the accident with Singal, because Singal was not an insured under the policy that Telecom/Flextronics purchased from Transcontinental.  Specifically, Transcontinental argues that Singal was not a named insured, and that he was not an additional insured because he did not use, with Telecom/Flextronics' permission, an auto owned, hired, or borrowed by

Telecom/Flextronics. In support, Transcontinental proffers evidence indicating that only the owner of the vehicle, AOBG, and its renters, Chanderbhan Gupta, Sharad Gupta, and Singal, had any control over the vehicle. Alternatively, Transcontinental contests that Singal was acting in the course and scope of his employment at the time that he rented the vehicle with Chanderbhan Gupta and Sharad Gupta. Nejati responds that the relevant legal standard is not control, but only whether Singal was acting in the course and scope of his employment at the time of rental. The Court disagrees. For Singal to be an insured under the policy, he must have been "using with [Telecom/Flextronics'] permission a covered auto [Telecom/Flextronics'] own[ed], hire[d], or borrow[ed]." The issue of permission aside, both parties concede that central to this dispute is whether Telecom/Flextronics hired the vehicle that Singal drove during the accident. "[I]n order for a vehicle to constitute a hired automobile it must be under the named insured's exclusive use or control." *Toops v. Gulf Coast Marine Inc.*, 72 F.3d 483, 487 (5th Cir. 1996). The Dallas Court of Appeals applied the *Toops* standard in dismissing a claim similar to Nejati's. *Griffin v. Travelers Indem. Co.*, 4 S.W.3d 915 (Tex. App.—Dallas 1999, pet. denied). In *Griffin*, the plaintiff sought insurance coverage from his employer's insurance provider for damages sustained when a motorist drove into his vehicle, while he was using it for business. *Id.* at 916–17. The plaintiff argued—based on language materially similar to the language at issue here—that his car was a "leased auto"[3] under the policy, because his employer reimbursed him for mileage when he used his vehicle for company business, and because the employer "told me when to be there, what to do, [and] what to say." *Id.* at 917–18. Relying on *Toops*, the court rejected the argument that the plaintiff's company was effectively hiring the vehicle from the

---

[3] The court noted that although the insurance policy used the term "lease," the *Toops* court's analysis of the term "hired" controlled. *Griffin*, 4 S.W.3d at 918.

plaintiff, finding that "the uncontroverted summary judgment evidence established that [the plaintiff's employer] did not have the right to use or control Griffin's vehicle." *Id.*

Thus, the relevant issue here is whether the vehicle that Singal drove was under Telecom/Flextronics' exclusive use or control. The Court finds that there is no genuine issue of material fact that the vehicle was not under Telecom/Flextronics' exclusive use or control. The evidence establishes that Chanderbhan Gupta, Sharad Gupta, and Singal jointly rented and paid for the vehicle; that Telecom/Flextronics did not reimburse them for any charges; that Chanderbhan Gupta, Sharad Gupta, and Singal were the only three that had control over who drove the car; that for anyone else to exercise such control, AOBG would have to add them to the rental agreement; that Telecom/Flextronics was not a party to the rental agreement; and that AOBG had no contractual or other relationship with Telecom/Flextronics. In response, Nejati proffers evidence relating to Telecom/Flextronics' control over where Signal worked, expectation that Singal have transportation for work, statements regarding an insurance card, and hiring of foreign employees. This evidence does not address the issue of control. *See also Griffin*, 4 S.W.3d at 917–18 (rejecting argument that control is established by employer's control over employee's whereabouts and by employer's expectation that employee travel for business). Accordingly, the Court **GRANTS** Transcontinental's Motion for Summary Judgment. For the same reasons, Nejati's Cross-Motion for Summary Judgment is **DENIED**.[4]

---

[4] The Court need not reach Nejati's argument that Transcontinental is collaterally estopped from re-litigating the fact of whether Singal "had the permission of [Telecom/Flextronics] to drive the vehicle involved in the collision" because Singal defaulted in the underlying litigation and is therefore deemed to have admitted that fact. The issue of permission is distinct from that of whether Telecom/Flextronics "hired" the vehicle. Even were the issues identical, only "the non-answering party is deemed to have admitted the facts properly pleaded" in previous litigation. *Armstrong v. Benavides*, 180 S.W.3d 359, 362 (Tex. App.—Dallas 2005, no pet.). The Court knows of no basis to find that Transcontinental is deemed to have admitted facts that Singal failed to contest.

**NEJATI'S MOTION FOR SUMMARY JUDGMENT AGAINST ROYAL**

Nejati's Motion for Summary Judgment against Royal requests judgment in the amount of $1,000,000, arguing that Royal, in responding to Nejati's Request for Admissions, admitted that Singal was an insured of Royal.  Nejati apparently relies upon Royal's response to Request Number 8, which states: "At no time, before May 13, 2005, did Defendant file an Answer on behalf of its insured, Tarsem Lal Singal."  Royal responded, "Admit."  It appears to the Court, based upon the record of this case, that Royal was admitting that it did not file an answer on behalf of Singal in the underlying litigation; not that it admitted every aspect of the multifaceted request, including that Singal was its insured.  Additionally, because Transcontinental's and Royal's insurance policies are identical with respect to the relevant provision, the Court indicates its intent to grant, *sua sponte*, summary judgment in Royal's favor against Nejati's claim, subject only to review of any new arguments Nejati submits to the Court in a brief of no longer than **five pages**, due on **June 8, 2007**, with reference to the control issue.  *See Love v. Nat'l Med. Enters.*, 230 F.3d 765, 770–71 (5th Cir. 2000) ("it is well-settled that a district court may grant summary judgment *sua sponte*, 'so long as the losing party has ten days notice to come forward with all of its evidence' in opposition to summary judgment") (quoting *Washington v. Resolution Trust Corp.*, 68 F.3d 935, 939 (5th Cir. 1995)); FED. R. CIV. P. 56(c).

**SO ORDERED**.

May 24, 2007.

**BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**