IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BAHRAM NEJATI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 3:06-CV-1027-M |
| | § | |
| ROYAL INDEMNITY | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Royal Indemnity Company's Motion for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment. Defendant's Motion is **DENIED**. Plaintiff's Cross-Motion is **GRANTED** in part and **DENIED** in part. The Court finds that Singal was an "insured" under Royal's automobile insurance policy, but that there is a genuine fact issue regarding whether Royal waived a condition precedent to its liability.

## FACTUAL BACKGROUND

Royal Indemnity Company ("Royal") issued a business automobile policy ("Policy") to Flextronics Network Services Texas, Inc. ("FNS") for the period between July 1, 2001 and July 1, 2002. Tarsem Lal Singal and Chanderbhan Gupta were employees of FNS on September 19, 2001, the date of the accident at issue. On that date, while Singal was driving himself and Gupta home from work in an automobile rented from AOBG, Inc. ("AOBG"), Singal's vehicle collided with that of Bahram Nejati. In June 2003, Nejati filed suit against Singal, AOBG, and FNS, among others, alleging that Nejati sustained injuries on account of Singal's negligence. On May 13, 2005, the state court entered a final default judgment of $1,436,634.77 against Singal, and on

December 15, 2005, Nejati filed suit against Royal in state court. The suit was subsequently removed to federal court.

## SUMMARY JUDGMENT STANDARD

Summary judgment is warranted when the facts as shown in the pleadings, affidavits, and other summary judgment evidence show that no reasonable trier of fact could find for the nonmoving party as to any material fact.[1] The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case.[2] Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate.[3]

The nonmovant is then required to go beyond the pleadings and designate specific facts proving that a genuine issue of material fact exists.[4] That party may not rest on conclusory allegations or denials in its pleadings that are unsupported by specific facts.[5] A court must review all proffered and proper evidence, giving credence to evidence favoring the nonmovant as well as "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses," and disregarding the evidence favorable to the movant that the jury would not be required to believe.[6] Further, a court must draw all justifiable inferences in favor of the nonmovant.[7]

In determining whether genuine issues of material fact exist, factual controversies are

---

[1] *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251 (1986).
[2] *Lynch Props., Inc. v. Potomac Ins. Co.,* 140 F.3d 622, 625 (5th Cir. 1998).
[3] *Fields v. City of S. Houston,* 922 F.2d 1183, 1187 (5th Cir. 1991).
[4] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).
[5] Fed. R. Civ. P. 56(e).
[6] *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 152 (2000).
[7] *Keelan v. Majesco Software, Inc.,* 407 F.3d 332, 338 (5th Cir. 2005).

construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists.[8] If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.[9] The party opposing summary judgment must do more than simply show some "metaphysical doubt as to the material facts."[10]

## ROYAL'S MOTION FOR SUMMARY JUDGMENT

Two independent grounds are asserted by Royal for granting summary judgment. First, Singal was not an "insured" under the Policy, and second, Singal's failure to notify and cooperate with Royal in defending Plaintiff's negligence suit relieves Royal of liability.

*Whether Singal is an "insured" under the Policy*

Royal maintains that Singal is not an "insured" under the Policy because Singal was not acting in the scope of his employment at the time of the accident. The Policy defined an "insured" as "[a]ny employee of yours [FNS] while using a covered 'auto' you do not own, hire, or borrow in your business or personal affairs." Plaintiff contends that Royal's response to Request No. 8, contained in Plaintiff's First Request for Admissions, conclusively establishes that Singal is an "insured" under the Policy. Request No. 8 states: "At no time before May 13, 2005, did Defendant file an answer on behalf of its insured, Tarsem Lal Singal." On July 10, 2006, Royal amended its response ("July response"), answering only: "Admit." Royal purported to amend its response again on April 17, 2007 ("April response"). The Court's Order of February 15, 2008, denying Royal's Objections to and Appeal from the Magistrate's Order Denying Leave to Supplement, determined that Royal's July response, rather than its April response, was

---

[8] *Lynch,* 140 F.3d at 625.
[9] *Friou v. Phillips Petroleum Co.,* 948 F.2d 972, 974 (5th Cir. 1991).
[10] *Matsushita,* 475 U.S. at 586.

binding. The remaining issue is whether Royal's July response is dispositive of whether Singal is an "insured" under the Policy.

Initially, Royal's July response seems susceptible to a broad and a narrow interpretation. Plaintiff, on the one hand, broadly construes "Admit" as an acknowledgment that Royal did not file an answer on behalf of Singal before May 13, 2005, *and* that Singal is an "insured" under the Policy. Defendant, on the other hand, narrowly construes "Admit" as acknowledging the former fact only. To support a narrow reading of its July response, Royal cites the following: (1) its original denial of Request No. 8 on June 8, 2006, and its First Amended Answer, filed on September 13, 2007, denying that Singal was an "insured"; (2) deposition evidence allegedly establishing that Singal is not an "insured"; and (3) ambiguity in the term "insured." Narrowly construing the July response initially appears just, because a broad reading would foreclose litigation of a central issue in the case. A narrow interpretation would also further the policy against seeking multiple admissions in a single request, expressed in Fed. R. Civ. P. 36(a)(2). Rule 36(a)(2) provides, "Each matter [on which a party seeks an admission] must be separately stated."

Broadly reading the July response, however, comports with Royal's characterization of its own admission. Royal's proffered rationale for the April 17, 2007 amendment—the discovery of evidence confirming that FNS did not provide insurance to employees—shows that Royal understood its July response as acknowledging that Singal is an "insured." In other words, if Royal believed that the July response solely acknowledged that it had not filed an answer before May 13, 2005, its discovery that FNS did not provide employees with insurance would not have required amending its response. Second, Royal's April response confirms that it was cognizant that Request No. 8 sought the admission of both facts. In its April response, Royal acknowledged

that it did not file an answer before May 13, 2005 *and* asserted that, under the particular circumstances, Singal was not an "insured." Thus, Royal's comprehension of the dual requests embodied in Request No. 8 supports broadly construing the July response.

Other arguments offered by Royal to support narrowly construing the July response fail for similar reasons. Royal understood that Request No. 8 encompassed two facts and, therefore, cannot claim that its July response is too ambiguous to be enforceable. Further, Royal's argument that Gupta's deposition, taken in January 2007, is inconsistent with an unqualified admission that Singal is an "insured" is unpersuasive. Royal contends that Gupta's deposition shows that Singal was not driving the car in the scope of his employment at the time of the collision and, therefore, is not an "insured" under the Policy. Royal's contention, however, is inconsistent with its proffered reason for amending the July response on April 17, 2007— that Royal first discovered facts confirming that Singal was not an "insured" at Higgins's deposition on April 3, 2007. Finally, Royal's First Amended Answer in this case, filed over one year after the July response, is irrelevant in determining the objective meaning of the July response *at the time it was filed*, which constitutes the relevant time period. Thus, Royal's July response conclusively establishes that Singal is an "insured" under the Policy.

*Whether Royal was prejudiced by Singal's breach of a condition precedent in the Policy*

Alternatively, Royal asserts that Singal's breach of a condition precedent in the Policy entitles it to summary judgment against Plaintiff. Under the "notice and cooperation" provision of the Policy, Singal was required immediately to send copies of any notice or summons of suit to Royal, and to cooperate with Royal in the investigation and settlement or defense of any suit. The Policy further provided, "If we [Royal] show that your failure to provide notice prejudices our defense, there is no liability coverage under the Policy." Royal contends that Singal's

compliance with this provision was a prerequisite to its liability on the Policy. For the reasons described below, a genuine issue of fact exists regarding whether Royal suffered prejudice from Singal's breach of the "notice and cooperation" provision.

An insured's breach of a notice and cooperation provision in an insurance policy will only relieve the insurer of liability when the breach prejudiced the insurer in defending the suit.[11] Because the insured's violation of a condition precedent in a policy constitutes an affirmative defense, the insurer bears the burden of showing that its defense was impaired by the insured's failure to cooperate.[12]

Plaintiff concedes that Singal failed to notify Royal of the collision, but denies that such failure was prejudicial. Plaintiff allegedly informed Royal of the suit shortly after its commencement. On January 2, 2004, Plaintiff informed Royal in writing that it had executed substituted service on Singal on December 27, 2003. Further, Royal acknowledged receipt of the summons and complaint against Singal and others in a letter sent to Plaintiff's counsel on October 1, 2003. Royal's awareness of the suit since its inception minimized the prejudice to Royal from Singal's inadequate notice. The prejudice to Royal was further mitigated by Plaintiff's extension of the deadline for Royal to file an answer on behalf of Singal. Thus, there is a genuine issue regarding whether Singal's violation of the notice requirement was prejudicial.

A related issue is whether Singal's failure to cooperate with Royal in the investigation and settlement or defense of the negligence suit was prejudicial. It is undisputed that Singal neither requested defense nor coverage from Royal, nor authorized Royal to hire counsel to defend him. In *Struna v. Concord Ins. Services*, the court determined that similar conduct by an

---

[11] *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 174 (Tex. 1995).
[12] *Struna v. Concord Ins. Services, Inc.,* 11 S.W.3d 355, 360 (Tex.App.-Houston [1st Dist.] 2000, no pet.); *Ohio Cas. Group v. Risinger*, 960 S.W.2d 708, 711 (Tex.App.-- Tyler 1997, writ denied).

insured was not *per se* prejudicial.[13] There, the court concluded that whether the insurer was prejudiced by the insured's failure to provide proper notice of the loss, and repeated refusal to communicate with the insurer, presented a genuine issue of fact, where the claimant alerted the insurer to the suit shortly before the suit was commenced.[14] Here, Royal has similarly failed to produce evidence that its inability to contact Singal in India was prejudicial. Its assertion that "Singal never assisted in any way in the defense of the lawsuit" is alone insufficient to establish prejudice. Accordingly, the Court concludes that whether Royal was prejudiced by Singal's breach of his duty to notify and to cooperate with Royal presents a fact issue for the jury. Royal's Motion for Summary Judgment is thus **DENIED**.

## PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

Plaintiff asserts that he is entitled to summary judgment because Royal admitted that Singal is an "insured" and waived the notice and cooperation provision. Before considering Plaintiff's substantive contentions, the Court addresses Royal's procedural objections to the Cross-Motion.

*Procedural Objections*

Royal seeks to exclude Plaintiff's Cross-Motion for Summary Judgment ("Cross Motion") on three grounds. The Cross-Motion exceeds the 25-page limit set forth in Local Rule 7.2., and violates Local Rules 56.2(a) and 56.2(b). Royal's objections are unavailing.

Royal's first objection is that the Cross-Motion exceeds the 25-page limit set forth in Local Rule 7.2. The Court's Amended Scheduling Order of December 20, 2006 states that *responses* to motions for summary judgment are subject to the page restrictions in Local Rule 7.2. Although the Cross-Motion is contained in Plaintiff's Response to Royal's Motion for

---

[13] *Struna*, 11 S.W.3d at 360.
[14] *Id.*

Summary Judgment, its substance, rather than its form, governs the applicable page limit. Because the Cross-Motion is substantively a motion for summary judgment, the page limitation specified in the December 20, 2006 Scheduling Order is inapplicable. Rather, Local Rule 56.5(b), governing summary judgment briefs and responses thereto, controls. Rule 56.5(b) provides:

> **Length of Briefs.** The requirements of LR 7.2 apply to briefs filed pursuant to LR 56.5(a), except that, excluding the table of contents and table of authorities, the length of a principal brief must not exceed 50 pages and a reply brief must not exceed 25 pages. The presiding judge, by order or other appropriate notice issued in a civil action, may restrict the length of briefs to fewer pages than are permitted by this rule.

The Cross-Motion occupies three pages in Plaintiff's thirty-page Response—well below the fifty-page limit. Hence, the Court rejects Royal's Rule 56.5(b) objection.

Royal's second procedural challenge focuses on Local Rule 56.2(a), which provides, "Unless otherwise directed by the presiding judge, no motion for summary judgment may be filed within 90 days of the trial setting." The relevant issue, therefore, is whether the Court permitted Plaintiff to file the Cross-Motion on December 17, 2007. The Amended Scheduling Order of December 20, 2006 expressly permits cross-motions for summary judgment after the dispositive motion deadline of April 20, 2007 when "truly extraordinary circumstances" exist. The Court's Order of March 20, 2007, partially vacating the Amended Scheduling Order of December 20, 2006, did not revoke this permission. Here, Royal's admission that Singal was an "insured," coupled with the Court's denial of Royal's motion to withdraw or amend this admission, constituted extraordinary circumstances, entitling Plaintiff to file his Cross-Motion within ninety days of trial. Accordingly, Royal's Rule 56.2(a) objection is denied.

Royal's final procedural objection is that the Cross-Motion, constituting Plaintiff's second motion for summary judgment, violates Local Rule 56.2(b), restricting a party to a single motion for summary judgment, unless otherwise directed by the Court. The Court's Order of March 20, 2007, however, authorized the parties "to submit additional dispositive motions." Accordingly, Royal's Local Rule 56.2(b) objection to the Cross-Motion fails.

*Substantive Objections*

Plaintiff claims that Royal's admission that Singal is an "insured" and waiver of the notice and cooperation provision entitles it to summary judgment. Royal's admission establishes that Singal is an "insured" under the Policy; however, a genuine issue of fact remains regarding whether Royal waived the notice and cooperation provision.

An insurer waives a right under a policy when it assumes the insured's defense without obtaining a reservation of rights or a non-waiver agreement, and there is "proof of the insurer's intent to relinquish the right."[15] Royal concedes that it did not obtain a reservation of rights or non-waiver agreement. Accordingly, the relevant issues are whether Royal assumed the defense of Singal, and whether it intended to abandon rights guaranteed under the notice and cooperation provision.

To support his contention that Royal assumed Singal's defense in the negligence suit, Plaintiff cites the following facts: (1) a letter to FNS from FNS's counsel, Fanning Harper & Martinson ("FHM"), which stated "I am an attorney, and I represent Flextronics and its former employee, Tarsem Lal Singal in the above styled lawsuit"; (2) a framework proposed by FHM to Plaintiff for resolving the suit against Singal and others, under which Plaintiff would withdraw

---

[15] *Farmers Texas County Mut. Ins. Co. v. Wilkinson*, 601 S.W.2d 520, 521 (Tex. Civ. App. – Austin 1980); *see Huffington v. Upchurch,* 532 S.W.2d 576, 580 (Tex. 1976).

his Motion for Default against Singal; and (3) FHM's request for an extension to file an answer on behalf of Singal. However, Royal asserts, without contradiction, that Singal never requested, and Royal never expressly assumed, his defense. Further, Royal did not file an answer on behalf of Singal. The Court concludes that these facts create a genuine issue whether Royal assumed Singal's defense.

Whether Royal manifested an intent to waive the notice and cooperation provision also presents a fact issue. As discussed earlier, Royal never expressly waived this provision. Further, communications between Royal and its counsel underscored Royal's concerns about the impact of Singal's absence on his defense. In an email to a Royal adjuster, Defendant's counsel elaborated on the "core problem" created by Singal's failure to comply with the cooperation provision, "which is how does an attorney make an appearance for a person that he has never spoken to, much less been retained to represent, and who cannot be found." In the same email, FHM determined that the best course was to accept, and then subsequently to challenge, a default judgment against Singal, by arguing that Singal's failure to comply with the cooperation provision was prejudicial. These statements underscore the importance of, rather than manifest an intent to waive, the notice and cooperation requirement. Accordingly, whether Royal waived the notice and cooperation provision presents a fact issue for the jury.

## CONCLUSION

Royal's Motion for Summary Judgment is **DENIED**. Plaintiff's Cross-Motion is **GRANTED** in part and **DENIED** in part. Plaintiff is only entitled to summary judgment on the issue of whether Singal is an "insured" under the Policy, because there is a genuine fact question

regarding whether Royal waived the notice and cooperation provision.

**SO ORDERED.**

February 19, 2008.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS